KILPATRICK TOWNSEND & STOCKTON LLP
David Caplan (Bar No. 181174)
Dcaplan@kilpatricktownsend.com
9720 Wilshire Blvd PH
Beverly Hills, CA 90212-2018
Telephone: 310-248-3830
Facsimile: 310-860-0363

Lisa Pearson (*pro hac vice* application pending)
Lpearson@kilpatricktownsend.com
The Grace Building
1114 Avenue of the Americas
New York, NY 10036-7703
Telephone: 212-775-8700
Facsimile: 212-775-8800

Attorneys for Plaintiffs,
L'ORÉAL USA CREATIVE, INC. and L'ORÉAL USA, INC.

FILED
CLERK, U.S. DISTRICT COURT
May 20, 2019
CENTRAL DISTRICT OF CALIFORNIA
BY: VPC DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L'ORÉAL USA CREATIVE, INC. and L'ORÉAL USA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SALLEE INC. and DANPING GONG, <br><br> Defendants. | Case No. 2:18-cv-10413 <br><br> **CONSENT JUDGMENT AND PERMANENT INJUNCTION** |

Plaintiffs L'Oréal USA Creative, Inc. and L'Oréal USA, Inc. and Defendants Sallee Inc. and Danping Gong have consented to the entry of this Final Judgment and Permanent Injunction on Consent ("Consent Judgment"), based on the following stipulated findings of fact and conclusions of law, which the Court hereby adopts for purposes of the entry of this Consent Judgment:

1

## STIPULATED FACTS AND CONCLUSIONS OF LAW

## THE PARTIES

1. Plaintiff L'Oréal USA Creative, Inc. ("L'Oréal Creative") is a Delaware corporation with a principal place of business at 10 Hudson Yards, New York, New York 10001. L'Oréal Creative is the record owner, in its own right or by assignment from its predecessors-in-interest, of the United States common law and registered trade and service marks at issue in this action, which are identified below.

2. Plaintiff L'Oréal USA, Inc. ("L'Oréal USA") is a Delaware corporation with a principal place of business at 10 Hudson Yards, New York, New York 10001. L'Oréal USA markets and sells products and services under the marks at issue under license from L'Oréal Creative. Plaintiffs L'Oréal Creative and L'Oréal USA ("Plaintiffs"), together with their predecessors-in-interest and affiliated companies, are collectively referred to herein as "L'Oréal US."

3. Defendant Sallee Inc. ("Sallee") is a California corporation with a principal place of business at 18826 Leesbury Way, Rowland Heights, California 91748.

4. Defendant Danping Gong ("Gong"), is Sallee's president, chief executive officer, chief financial officer, director, and registered agent. Gong resides at 1801 Garvey Avenue, Apartment 214, Alhambra, CA 91803 and personally directed, instructed and/or implemented the acts of infringement and unfair competition giving rise to this action. Defendants Sallee and Gong are collectively referred to herein as "Defendants."

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the federal claims alleged herein pursuant to § 39 of the Lanham Act, 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a). As to the claims under state law, this Court has

subject matter jurisdiction pursuant to 28 U.S.C. § 1338(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because Defendants (a) are located in the State of California; (b) distribute, offer for sale, and sell goods under the trademarks that allegedly infringe Plaintiff's intellectual property within the State of California; (c) regularly transact and conduct business within the State of California; and (d) have otherwise made or established contacts with the State of California sufficient to permit the exercise of personal jurisdiction.

7. Venue is proper under 28 U.S.C. § 1391(a) and (b) because acts giving rise to the claims in this case occurred in this District, and upon information and belief, Defendant has a principal place of business in this District.

## PLAINTIFFS' URBAN DECAY COSMETICS BRAND

8. In or about 1997, Plaintiffs' predecessor Urban Decay Cosmetics LLC adopted a unique and distinctive stylized presentation of the initials UD shown below (the "Stylized UD Mark") to differentiate its cosmetics, fragrances and skincare products and related retail and beauty services in the marketplace:



9. In or about 2010, the Urban Decay brand incorporated the Stylized UD Mark into its logo, which has been continuously used to identify the brand since that date:



10. The Urban Decay brand was acquired by the French cosmetics company L'Oréal, Plaintiff's' parent company, outside the U.S. and by L'Oréal USA in the U.S. in 2013. Plaintiff L'Oréal Creative now owns a family of U.S. marks consisting of or including the UD Design Mark (collectively, the "UD Marks").

11. Over the last two decades, L'Oréal US has used the UD Marks to identify Urban Decay brand products and services, as shown by the representative examples shown below:







12. L'Oréal US has used the UD Marks continuously to identify Urban Decay brand cosmetics and beauty and retail services, and has invested substantial time, money and effort into advertising, promoting and building the reputation symbolized by those marks.

13. In addition to the common law trademark rights arising from use of the UD Marks, Plaintiff L'Oréal Creative is the owner of numerous federal trademark registrations for the URBAN DECAY and UD Marks, including but not limited to those itemized below. (Collectively, L'Oréal Creative's URBAN DECAY and UD Marks are referred to herein as "Plaintiffs' Marks.")

CONSENT JUDGMENT AND PERMANENT INJUNCTION

14. Plaintiff L'Oréal Creative is the owner of incontestable U.S. Registration No. 2,056,875 for the word mark URBAN DECAY for "cosmetics, namely, nail enamel, lipstick, eye shadow" in International Class 3.

15. Plaintiff L'Oréal Creative is the owner of incontestable U.S. Registration No. 3,952,737 for the word mark UD for "Facial make-up" in International Class 3.

16. Plaintiff L'Oréal Creative is the owner of incontestable U.S. Registration No. 4,050,476 for the Stylized UD Mark depicted below



for "Beauty creams; beauty gels; beauty lotions; body powder; cleaning agents and preparations; coloring preparations for cosmetic purposes; cosmetic creams; cosmetics; face and body glitter; face and body lotions; false eyelashes; fragrances and perfumery; hair styling preparations; make up removing preparations; make-up; make-up preparations; nail polish; non-medicated skin care preparations; non-medicated toiletries; self-tanning preparations; skin bronzer" in International Class 3 and "Retail store and on-line retail store services featuring cosmetics, fragrances, beauty aids, personal care products, body and beauty products" in International Class 35.

17. Plaintiff L'Oréal Creative is the owner of incontestable U.S. Registration No. 4,017,084 for the Stylized UD Mark depicted below:



for "Beauty consultation services in the selection and use of cosmetics, beauty aids, personal care products, body and beauty products; beauty consultation services; providing information about beauty; make-up application services; beauty analysis to

6

determine cosmetics that are best suited for particular individuals; cosmetic skin care services; cosmetic face care services" in International Class 44.

18. Plaintiff L'Oréal Creative is the owner of U.S. Registration No. 4,573,628 for the stylized UD URBAN DECAY ELECTRIC mark depicted below:

ud
URBAN DECAY
ELECTRIC

for "Cosmetics" in International Class 3.

**DEFENDANT'S URBAN FOX COSMETICS**

19. On or about July 1, 2016, Defendant Gong, on behalf of Defendant Sallee, filed U.S. Trademark Application Serial No. 87/091,403 (the "Application") on an intent-to-use basis seeking to register the mark depicted below for cosmetics in International Class 3 (the "UF Urban Fox Mark"):



20. By letter dated February 10, 2017 and multiple follow-up communications, Plaintiffs have objected to Defendants' registration and use of the Infringing Marks.

21. By email dated March 7, 2017, Defendants' former counsel gave Plaintiff his assurance "that Sallee, Inc. has not advertised, marketed or sold any products under the 'Urban Fox' name or bearing the mark in question."

22. Defendants nevertheless pursued registration and used the Infringing Marks even after they were put on actual notice of Plaintiffs' objections to their application to register and their use of marks so highly similar to Plaintiffs' Marks.

23. On or about October 13, 2017, Defendants submitted the following specimen of use with the U.S. Patent and Trademark Office ("USPTO"), along with a Statement of Use sworn to by Defendant Gong asserting that Defendant Sallee was submitting a "LIP GLOSS APPLIED WITH TRADEMARK" as a specimen and that "[t]he mark was first used by the applicant, or the applicant's related company, licensee, or predecessor in interest at least as early as 01/01/2016, and first used in commerce at least as early as 01/01/2016, and is now in use in such commerce":



24. On November 20, 2017, the USPTO issued an Office Action refusing registration "because the specimen does not show the applied-for mark in the drawing in use in commerce in International Class 3…. Specifically, the specimen displays the mark as UF, URBAN FOX, MATTE LIP TINT WITH VELVET + WATERPROOF; however, the drawing displays the mark as UF, URBAN FOX, BETTER THAN

8

BETTER." (Citations omitted.) (The stylized mark shown on the above specimen is hereinafter referred to as the "UF Mark.")

25. Ultimately, on August 16, 2018, Defendants submitted to the USPTO the specimen of use of the UF Urban Fox Mark depicted below:



26. On October 12, 2018, the USPTO accepted Defendants' Statement of Use and, in reliance thereon, it issued Registration No. 5,607,517 for the UF Urban Fox Mark on November 13, 2018.

27. Defendants represent and warrant that they have sold no more than $5000 in products bearing either the UF Mark or the UF URBAN FOX Mark or any variant thereof.

28. Defendants have also used the Urban Fox Mark on social media pages accessible in the U.S. since at least as early as 2017.

29. Plaintiff contends that Defendants' use and registration of the UF Mark, the UF URBAN FOX Mark and variants thereof (collectively, the "Infringing Marks") is likely to create confusion with Plaintiffs' Marks in violation of federal and state trademark law.

30. On December 17, 2018, Plaintiffs commenced this action at law and in equity for trademark infringement and unfair competition in violation of the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. ("Lanham Act") and the common law of the State of California, as well as violations of the California statutory unfair competition law, Cal. Bus. & Prof. Code § 17200 et seq.

31. On February 14 and 19, 2019, the Clerk of the Court entered defaults against Defendants Gong and Sallee, respectively.

32. On March 15, 2019, Defendants filed a request for a Surrender of Registration for Cancellation of Defendant Sallee's Trademark Reg. No. 5,607,517, with the USPTO, which has not yet acted on that request.

33. For purposes of entry and enforcement of this Consent Judgment only, the parties stipulate that the defaults entered against Defendants may be vacated and that, should any action be required by Plaintiffs to enforce this Consent Judgment, reasonable attorneys' fees and costs associated with the enforcement proceedings shall be awarded to Plaintiffs.

## CONSENT JUDGMENT AND FINAL ORDER

**It is therefore hereby ORDERED, ADJUDGED, and DECREED:**

1. Defendants and all of their agents, officers, employees, representatives, successors, affiliates, assigns, attorneys, and all those other persons acting for, with, by, through, or under authority from Defendants, or in active concert or participation with Defendants are hereby permanently enjoined from:

    a. Using or registering Plaintiffs' Marks, or any other copy, reproduction, or colorable imitation of Plaintiffs' Marks, or any

mark that is likely to create confusion with Plaintiffs' Marks, including the Infringing Marks, in connection with any goods or services;

b. Using any trademark, trade dress, service mark, name, logo, design or source of designation of any kind on or in connection with any goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiffs, are sponsored or authorized by Plaintiffs, or are in any way connected or related to Plaintiffs;

c. Passing off, palming off, or assisting in palming off, any goods or services as those of Plaintiffs, or otherwise continuing any and all acts of trademark infringement or unfair competition as alleged in this Complaint;

d. Operating any websites or pages, including any social media or other online media accounts, infringing Plaintiffs' rights in any manner;

e. Effecting any assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein.

2. The Director of the U.S. Patent and Trademark Office is hereby instructed to cancel Defendant Sallee's Trademark Reg. No. 5,607,517 if it has not already done so.

3. Defendants are hereby ordered to turn over to Plaintiffs, for destruction, at Defendants' expense, all products, advertising and promotional materials,

11
**CONSENT JUDGMENT AND PERMANENT INJUNCTION**

stationery, envelopes, business cards, invoices, and similar materials bearing any of the Infringing Marks.

4. Each of the parties acknowledges that it has knowingly and voluntarily entered into this Consent Judgment after reviewing the same with their counsel and that it understands the undertakings obligations, and terms of this Consent Judgment.

5. In the event that Defendants violate any of the terms of this Consent Judgment, Plaintiffs shall be entitled to, in addition to all other remedies to which they may be entitled, an order for specific performance and/or injunctive relief, without posting of a bond, and to recover from Defendants its expenses, including attorneys' fees, associated with obtaining enforcement of this Consent Judgment.

6. This Consent Judgment shall be final and non-appealable with the full force and effect of a Final Judgment and Permanent Injunction. This Court shall retain jurisdiction of this matter and over Defendants for purposes of enforcement of this Consent Judgment.

7. This consent judgment agreed to by Defendants is without admitting fault or infringement liability, and for purposes of settlement and avoiding protracted litigation. This consent judgment resolves the litigation, and the parties shall each be responsible for their own attorneys' fees and costs.

IT IS SO ORDERED.

SIGNED this 20th day of May, 2019.

*S. James Otero*
The Honorable S. James Otero
U.S. District Judge

Agreed and Approved For Entry:

L'ORÉAL USA CREATIVE, INC.

By: /s/ David Caplan
Name: David Caplan
Title: Attorney for L'Oréal USA Creative, Inc.


By: /s/ Lisa Pearson
Name: Lisa Pearson
Title: Attorney for L'Oréal USA Creative, Inc.


L'ORÉAL USA, INC.


By: /s/ David Caplan
Name: David Caplan
Title: Attorney for L'Oréal USA, Inc.


By: /s/ Lisa Pearson
Name: Lisa Pearson
Title: Attorney for L'Oréal USA, Inc.


SALLEE INC.

By: *Danping Gong*
Name: *Danping Gong*
Title: *President*


By: *Danping Gong*
**DANPING GONG**

US2008 15485599 1

14

CONSENT JUDGMENT AND PERMANENT INJUNCTION